IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

DANA A.,
    Plaintiff,

v.                                       Civil No. 3:22cv807 (DJN)

MARTIN O'MALLEY,
Commissioner of the
Social Security Administration,
    Defendant.

**FINAL MEMORANDUM ORDER**
**(Adopting With Modification Report and Recommendation)**

In this action, Plaintiff Dana A. ("Plaintiff") seeks review of the Commissioner of the Social Security Administration's (the "Commissioner") decision to deny her Title II application for disability insurance benefits and Title XVI application for Supplemental Security Income. This matter comes before the Court on Plaintiff's Objections to the Report and Recommendation of the Magistrate Judge ("Objections" (ECF No. 19)), objecting to the Report and Recommendation (ECF No. 18) entered by Magistrate Judge Summer L. Speight on January 4, 2024, which recommended that Plaintiff's Motion for Summary Judgment (ECF No. 10) be denied, Defendant's Motion for Summary Judgment (ECF No. 14) be granted and the final decision of the Commissioner be affirmed. For the reasons set forth below, the Court finds that Plaintiff's Objections lack merit and therefore DENIES Plaintiff's Motion for Summary Judgment (ECF No. 10), GRANTS Defendant's Motion for Summary Judgment (ECF No. 14) and ADOPTS with modification the Report and Recommendation of the Magistrate Judge (ECF No. 18).

## I. PROCEDURAL HISTORY

On January 16, 2024, Plaintiff filed her Objections (ECF No. 19), raising four objections to the Report and Recommendation (ECF No. 18). First, Plaintiff contends that the Administrative Law Judge ("ALJ") failed to properly address Plaintiff's intellectual disability under listing 12.05(B). (Obj. at 1.) Second, Plaintiff argues that Magistrate Judge Speight erred in recommending that the instant case is distinguishable from *Devonta P. v. Kijakazi*, 2021 WL 3375540 (D.S.C. July 19, 2021), *report and recommendation adopted*, 2021 WL 3375510 (D.S.C. Aug. 3, 2021). (*Id.* at 2.) Third, Plaintiff objects to the Report and Recommendation, because "the reports of Drs. Wayne and Brengel and Sprecher all clearly support marked restrictions in two areas of functioning so as to meet the required level of severity." (*Id.* at 3.) And lastly, Plaintiff argues that the ALJ failed to explain her analysis of medical opinion evidence. (*Id.* at 4.) On January 30, 2024, the Commissioner filed Defendant's Response to Plaintiff's Objections (ECF No. 20).

## II. STANDARD OF REVIEW

A district court reviews *de novo* any part of a Magistrate Judge's disposition that a party has properly objected to. Fed. R. Civ. P. 72(b)(3); *Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985). Notably, as long as the "grounds for objection are clear, district court judges must consider them *de novo*, or else run afoul of both § 636(b)(1) and Article III." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023). The court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In conducting a *de novo* review, a court analyzes the Commissioner's final decision using the same standard as that used by the Magistrate Judge. The reviewing court must determine

whether the factual findings are supported by substantial evidence and whether the proper legal standard was applied in evaluating the evidence. *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005). Substantial evidence requires "more than a mere scintilla of evidence but may be somewhat less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Craig v. Chater,* 76 F.3d 585, 589 (4th Cir. 1996). In reviewing for substantial evidence, courts may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Id.*

### III.   ANALYSIS

After conducting a *de novo* review of the administrative record and considering in detail Plaintiff's Objections and Motion for Summary Judgment, the Court finds the Report and Recommendation well-reasoned and supported by the record and applicable law. The Court, however, notes that Plaintiff offers one argument that warrants further discussion. In her Objections, Plaintiff relies on *Dzananovic v. Kijakazi,* 2023 WL 8018578 (E.D. Mo. Nov. 20, 2023), to argue that the ALJ failed to adequately articulate the supportability and consistency of certain medical opinions. (Obj. at 5–6.) The Court thus adopts the Report and Recommendation in full and supplements Section IV(B) to include the following.

*Dzananovic* is distinguishable from the instant case and thus does not warrant a different outcome. In *Dzananovic,* the ALJ found a psychological examiner's opinion "generally persuasive" without any further discussion. 2023 WL 8018578, at *9. While the ALJ summarized the medical record, the ALJ did not engage in any discussion as to how the medical examiner's opinion was consistent with the underlying record or supported. Here, in contrast, the ALJ not only provided a comprehensive review of Plaintiff's medical record, but she also discussed how Dr. Wayne's and Dr. Brengel's opinions lacked supportability and consistency.

3

For instance, the ALJ noted that other providers supported their assessments with "observations, clinical findings, testing, and examination" or other documented support, (R. at 30–32), whereas Drs. Wayne and Brengel provided minimal or no explanation in support of their assessments. In addition, the ALJ found that Dr. Wayne's and Dr. Brengel's opinions lacked consistency with other evidence, including the assessments of state medical consultants and Plaintiff's reported daily activities. (R. at 29–30.) Because the ALJ articulated her consideration of the supportability and consistency factors, the ALJ satisfies the requirements set forth in the regulations.

## V. CONCLUSION

Having reviewed the record *de novo*, the Court finds that the Commissioner's final decision was supported by substantial evidence and that the Commissioner employed the correct legal standards in reaching that decision. Therefore, the Court hereby ORDERS that:

1. The Report and Recommendation of the Magistrate Judge (ECF No. 18) is ADOPTED as modified in accordance with this Memorandum Order;

2. Plaintiff's Motion for Summary Judgment (ECF Nos. 10) is hereby DENIED;

3. Defendant's Motion for Summary Judgment (ECF No. 14) is hereby GRANTED;

4. The decision of the Commissioner is hereby AFFIRMED; and

5. This case is now CLOSED.

Let the Clerk file this Order electronically and notify all counsel of record.

It is so ORDERED.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: February 21, 2024